[No. B163733. Second Dist., Div. Eight. Apr. 28, 2004.]

DENISE CUEVAS a Minor, etc., et al., Plaintiffs and Appellants, v. TRULINE CORPORATION et al., Defendants and Respondents.

COUNSEL

Law Offices of Berglund, Johnson & Sommer and Daniel W. Johnson for Plaintiffs and Appellants.

Yoka & Smith and David T. McCann for Defendants and Respondents.

OPINION

**RUBIN, Acting P. J.**—Denise Cuevas, through her guardian ad litem Anna Cuevas, and John and Anna Cuevas appeal from the dismissal of their negligence claim against Truline Corporation and Jose Leonidas Martinez. We reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

In October 1997, appellant Denise Cuevas was a passenger in a car being driven by David Thomas Garcia, Jr. Garcia ran a stop sign, and a big rig tractor trailer plowed into the car. Cuevas suffered catastrophic brain injuries, leaving her incompetent. Cuevas and her parents, appellants John and Anna Cuevas, sued Garcia and the owners of the car he was driving, Jose and Nora Sauceda, for negligence. They also sued the big rig's owner, respondent Truline Corporation, and its driver, respondent Jose Leonidas Martinez, for negligence.

The Cuevases offered to settle with Garcia and the Saucedas for the $30,000 limits of their auto liability policies. The insurers rejected the offer, following which Garcia and the Saucedas sued the insurers for bad faith. Because resolution of the bad faith suit required a judgment against Garcia and the Saucedas in the underlying negligence lawsuit (*Hamilton v. Maryland Casualty Co.* (2002) 27 Cal.4th 718, 725–726 [117 Cal.Rptr.2d 318, 41 P.3d 128]), they and the Cuevases agreed to arbitrate their liability for negligence. The arbitrator found Garcia was 99 percent responsible for the accident. Because Garcia was the Saucedas's agent and they gave Garcia permission to drive their car, they were vicariously liable to the same degree. The arbitrator also found that respondents Truline Corp. and Martinez, neither of whom participated in the arbitration, were 1 percent responsible. Despite the

arbitrator's finding of divided responsibility, the arbitrator awarded appellants $14,500,000 in damages against only Garcia and the Saucedas. The court entered the arbitrator's award against Garcia and the Saucedas as its judgment.[1]

More than a year later, respondents Truline and Martinez moved for summary judgment. Asserting there was no evidence Martinez contributed to the accident because he was not speeding and had the right of way, they laid blame for the accident squarely on Garcia for running the stop sign. The Cuevases opposed summary judgment. They argued Martinez contributed to the accident by not being sufficiently observant to have seen, and thus avoided, Garcia as he ran the stop sign. In support, the Cuevases noted two other cars avoided hitting Garcia's car when he ran the stop sign.

At the hearing on the motion for summary judgment, the court stated its tentative decision was to find Martinez's big rig could not have avoided the collision. Before issuing its final ruling, however, the court on its own raised the "one judgment rule." The court expressed concern that the prior judgment against the Saucedas and Garcia—with the arbitrator's finding of Martinez and Truline being 1 percent at fault—risked an inconsistent verdict if a trial of the Cuevases' claims against Martinez and Truline reached a different result. Deciding it needed to resolve the "prior judgment" issue first, the court continued the summary judgment hearing, and directed the parties to brief whether the Cuevases' judgment against Garcia and the Saucedas barred their claim against Martinez and Truline. After receiving the parties' briefs, the court concluded the earlier judgment prohibited any recovery from Martinez and Truline. The court thus entered summary judgment for them and dismissed the complaint. This appeal followed.[2]

## STANDARD OF REVIEW

"Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law. [Citation.] In reviewing an order granting summary judgment, we must assume the role of the trial court and redetermine the merits of the motion. In doing so, we must strictly scrutinize the moving party's papers. The declarations of the party opposing summary judgment, however, are liberally construed to determine the existence of triable issues of fact. All doubts as to whether any material, triable, issues of fact exist are to be resolved in favor of the party opposing summary

---

[1] Armed with this judgment, appellants eventually received a multimillion-dollar settlement from the bad faith action.

[2] The court did not reach the merits of whether there was a triable issue of fact as to the big rig's ability to have avoided the collision. The parties do not argue that point in their briefs; hence, we do not address it.

judgment. While the appellate court must review a summary judgment motion by the same standards as the trial court, it must independently determine as a matter of law the construction and effect of the facts presented. [Citation.] [¶] A defendant moving for summary judgment meets his burden of proof showing that there is no merit to a cause of action if that party has shown that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. [Citation.]" (*Cochran v. Cochran* (2001) 89 Cal.App.4th 283, 287 [106 Cal.Rptr.2d 899].)

"[H]ow the parties moving for, and opposing, summary judgment may each carry their burden of persuasion and/or production depends on which would bear what burden of proof at trial. . . . [I]f a plaintiff who would bear the burden of proof by a preponderance of evidence at trial moves for summary judgment, he must present evidence that would require a reasonable trier of fact to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact. By contrast, if a defendant moves for summary judgment against such a plaintiff, he must present evidence that would require a reasonable trier of fact not to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 [107 Cal.Rptr.2d 841, 24 P.3d 493], italics and fns. omitted.)

## DISCUSSION

Martinez and Truline assert the Cuevases split their cause of action by arbitrating their claim against the Saucedas and Garcia, resulting in the "one judgment rule" barring any judgment against Martinez and Truline. We find their assertion misguided.

■ The one judgment rule has been articulated thusly: "[A]s a general rule there can be only one final judgment in a single action." (*Nicholson v. Henderson* (1944) 25 Cal.2d 375, 378 [153 P.2d 945].) A final, ordinarily single, judgment is a prerequisite to appealing from an action, its purpose to avoid piecemeal appeals. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 58, p. 113.) That rule's purpose was met here because the Cuevases did not attempt multiple appeals. They instead waited for a final judgment ending all the trial court proceedings before they appealed.

■ The one final judgment rule for appellate proceedings does not, as Truline and Martinez argue, prohibit separate or partial judgments against some, but not all, defendants. Such incomplete or partial dispositions are

familiar in our jurisprudence. For example, Code of Civil Procedure section 579 allows entry of judgment against one defendant while continuing the action against another defendant. (See *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 824 [88 Cal.Rptr.2d 366, 982 P.2d 229]; *T&R Painting Construction, Inc. v. St. Paul Fire & Marine Ins. Co.* (1994) 23 Cal.App.4th 738, 742–743 [29 Cal.Rptr.2d 199].) The law also permits separate judgments against defaulting and nondefaulting defendants. In addition, it allows separate judgments by summary judgment. And Proposition 51 permits separate judgments for noneconomic damages. (Civ. Code, § 1431.2 .) What the one final judgment rule prohibits is appealing from partial dispositions while other unresolved matters remain pending against other parties.

██ In addition, the Cuevases did not, despite Martinez's and Truline's assertion, split their cause of action. A cause of action consists of the plaintiff's "primary right" to be free of a particular injury. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681–682 [34 Cal.Rptr.2d 386, 881 P.2d 1083].) A plaintiff cannot split a cause of action into multiple lawsuits (4 Witkin, Cal. Procedure (4th ed. 1997) Pleadings, § 35, pp. 95–96), and the Cuevases did no such thing here. Instead, they filed one complaint in which they sued everyone they believed responsible for the traffic accident. After filing their complaint, they arbitrated their claims against some, but not all, of the defendants. Martinez and Truline cite no authority that arbitrating some claims while taking others to trial is splitting a cause of action. ██ Indeed, Code of Civil Procedure section 1281.4 contemplates that an arbitration may proceed against some parties and nonarbitration court proceedings shall be deferred against the remaining parties. (*Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 320 [133 Cal.Rptr.2d 58, 66 P.3d 1157] ["when there is a severance of arbitrable from inarbitrable claims, the trial court has the discretion to stay proceedings on the inarbitrable claims pending resolution of the arbitration"].)[3]

The court's dismissal of the Cuevases' complaint appears to have been motivated by its fear of an inconsistent verdict. The arbitrator found Martinez and Truline were 1 percent responsible for the Cuevases' injuries. The trial court believed any future trial against Martinez and Truline was almost certain not to reach the same apportionment of fault, creating an inconsistent verdict.

---

[3] Code of Civil Procedure section 1281.4 provides in part: "If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

■ We deem the court's fear illusory. First, the arbitrator's finding of 1 percent fault did not bind the court. (*Vandenberg v. Superior Court, supra,* 21 Cal.4th at pp. 836–837 ["a private arbitration award cannot have nonmutual collateral estoppel effect unless the arbitral parties so agree."].) Indeed, the trial court's adoption of the arbitrator's award as its judgment assigned liability only to Garcia and the Saucedas—the judgment did not mention Martinez and Truline. Thus, the arbitrator's finding of 1 percent liability was a nullity as to Martinez and Truline and did not risk havoc if a jury found a different amount of responsibility.

## DISPOSITION

The judgment is reversed and the trial court is directed to enter a new and different order denying summary judgment for respondents Truline Corporation and Jose Leonidas Martinez. Appellants to recover their costs on appeal.

Boland, J., and Flier, J., concurred.