[No. B174518. Second Dist., Div. Five. Jan. 13, 2005.]

C3 ENTERTAINMENT, INC., et al., Plaintiffs and Appellants, v.
ARTHUR J. GALLAGHER & CO., Defendant and Respondent.

**COUNSEL**

Robert N. Benjamin; Rovens Lamb and Douglas J. Rovens for Plaintiffs and Appellants.

Musick, Peeler & Garrett, Lawrence A. Tabb and Cheryl A. Orr for Defendant and Respondent.

**OPINION**

**ARMSTRONG, J.—**

Summary

This case raises an issue under the one final judgment rule: consistent with that rule, may a trial court enter judgment in favor of one defendant, triggering an appeal, if that judgment is based on an interim ruling against another defendant, which is not yet subject to appeal? We conclude that the court cannot do so.

Discussion

Plaintiffs and appellants C3 Entertainment, Inc., Knuckleheads, Inc., and Earl Benjamin (collectively, C3) bought insurance coverage through respondent Arthur J. Gallagher & Co., an insurance agency. The coverage was with Hartford Casualty Insurance Company. C3 was subsequently sued in federal court in a case referred to by the parties as the "*Howard* Action." It tendered the case to Hartford, which denied coverage.

C3 then sued Hartford and Gallagher, bringing causes of action against Hartford for insurance bad faith and breach of contract, and against Gallagher for professional negligence. Hartford cross-complained for declaratory relief.

The cause of action against Gallagher alleged that "In the event that Hartford's contention that its policies do not obligate Hartford to provide a defense to Plaintiffs in the *Howard* Action is upheld, Gallagher . . . breached their duty . . . ." (Italics added.)

C3 moved for summary adjudication against Hartford on the issue of duty to defend in the *Howard* Action. (That action was resolved in a manner which made the question of duty to indemnify irrelevant.) C3 prevailed on the motion: the trial court found that Hartford had a duty to defend in the *Howard* Action. The bad faith cause of action remained, as did a determination of damages.

After the ruling on duty to defend, Gallagher moved for summary judgment on the ground that the ruling established that it had not breached any duty to C3, that is, that it had obtained the right coverage. The trial court agreed and entered summary judgment and judgment in Gallagher's favor.

Faced with entry of judgment, C3 appealed, contending inter alia that the judgment in favor of Gallagher was premature because there has been no final judicial determination of the coverage issue. We agree.

"A judgment is the final determination of the rights of the parties. (Code Civ. Proc., § 577.)" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697 [107 Cal.Rptr.2d 149, 23 P.3d 43].) There can be only one final judgment in a single action, and only such a judgment is appealable. (Code Civ. Proc., § 904.1; *Cuevas v. Truline Corp.* (2004) 118 Cal.App.4th 56, 60 [12 Cal.Rptr.3d 706].) The one final judgment rule is a "fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case." (*Griset v. Fair Political Practices Com., supra,* 25 Cal.4th at p. 697.) "[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all . . . causes of action between the parties . . . ." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143].)

Here, the sole ground for Gallagher's summary judgment motion was the trial court's ruling that Hartford had a duty to defend. Gallagher's liability was thus intertwined with, and dependent on, the earlier, nonfinal, ruling against Hartford. The judgment in favor of Gallagher was entirely contingent on that ruling, which had not been reduced to a judgment. Under those circumstances, entry of judgment in Gallagher's favor was premature, and violated the one final judgment rule.

This case demonstrates the wisdom of that rule. Entry of judgment for Gallagher left plaintiffs with no practical choice but to appeal. That appeal presents us with the task of reviewing the trial court's ruling in favor of Gallagher, something we cannot do, because the underlying ruling against Hartford has not yet been reduced to a judgment and is not before us.

The appeal presents us with an impossible judicial task. If the trial court was wrong in ruling that Hartford had a duty to defend, C3 would have a good case for reversal of the judgment in favor of Gallagher—but the duty to defend ruling has not been entered as a judgment and has not been appealed. Moreover, Hartford is not a party to this appeal. We cannot decide whether the ruling in favor of Gallagher was error without deciding whether the ruling against Hartford was error, and we cannot look at the ruling against Hartford. That tells us that we should not hear this appeal.

How could we affirm the ruling in favor of Gallagher, knowing that the duty to defend ruling will one day be made final, and subject to an appeal

which might reverse the finding of duty to defend? How could we reverse? We do not have the ability to evaluate the ruling on duty to defend which forms the entire basis for the ruling in favor of Gallagher.

There was nothing improper in Gallagher's motion. The trial court had made a ruling, that Hartford had a duty to defend, which indicated that Gallagher had no liability. Surely, Gallagher had no wish to remain in the case while appellants and Hartford tried bad faith and damages and whatever else was outstanding between them.

Equally, the trial judge was free to rule on Gallagher's motion for summary judgment. The problem is that the court should have then ruled that the order would *not* be reduced to a separate judgment, but instead would be incorporated into a single final judgment against both defendants when all the issues between C3 and Hartford were resolved. The matter would have come before us in a *rational manner* which allowed us to hear and decide the case on the merits.

Gallagher argues that the judgment in its favor is final and appealable under Code of Civil Procedure section 904.1, that C3 waived the issue by failing to raise it in the trial court, and that reversal would be prejudicial. We do not find the arguments persuasive.

■ It is true that the judgment looks like a final appealable judgment— that is the problem, not a solution to the problem. And, while we agree that C3 raised this argument late, the issue is jurisdictional, so that "it is incumbent upon this court to determine whether or not we have a final judgment in the case from which an appeal may be taken." (*Murphy v. Fong Shuck* (1957) 151 Cal.App.2d 64, 65 [311 P.2d 80].)

Gallagher's prejudice argument is based on its contention that if the judgment is reversed, it will be forced to participate in a trial, presumably the trial of the remaining issues between plaintiffs and Hartford. Even if that is so, the argument cannot persuade us to ignore the one final judgment rule.

Finally, C3 also contends that the complaint included other factual allegations against Gallagher and/or could be amended to make additional allegations, and that the trial court erred in denying a continuance for discovery. These are matters which belong in the trial court.

We thus direct the trial court to vacate the judgment in favor of Gallagher and not to enter judgment until it can enter a final judgment disposing of all causes of action against both Hartford and Gallagher.

## Disposition

The appeal is dismissed. Each party to bear its own costs on appeal.

Turner, P. J., and Mosk, J., concurred.

On February 10, 2005, the opinion was modified to read as printed above.