Filed 2/28/24  Webtoon Entertainment v. Rocketship Entertainment CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WEBTOON ENTERTAINMENT, INC., et al.,<br><br>        Plaintiffs, Cross-defendants and Respondents,<br><br>        v.<br><br>ROCKETSHIP ENTERTAINMENT, LLC,<br><br>        Defendant, Cross-complainant and Appellant. | B319331<br><br>(Los Angeles County Super. Ct. No. 19TRCV01062) |

APPEALS from orders of the Superior Court of Los Angeles County, Deirdre Hill, Judge.  Dismissed.

Berstein Law, David A. Berstein and J.R. Dimuzio for Defendant, Cross-Complainant, and Appellant.

Rutan & Tucker, Michael D. Adams, Gerard M. Mooney, and Meredith L. Williams for Plaintiffs, Cross-Defendants, and Respondents.

_____

Rocketship Entertainment, LLC (Rocketship) appeals from trial court orders resolving its cross-claims against Webtoon Entertainment, Inc. (Webtoon) and Webtoon's parent company, Webtoon Naver (Naver).  We dismiss both appeals for lack of an appealable order or judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, Webtoon and Quanquan Han filed a complaint against Rocketship and its principal, Thomas Akel, for tortious interference with contract and similar claims.  The complaint alleges Webtoon and Han entered a contract that granted Webtoon joint ownership and management rights to a comic series that Han created.  It further alleges that Akel later convinced Han to enter a publishing agreement with Rocketship which, unbeknownst to Han, violated her contract with Webtoon. The action remains pending in the trial court.

In November 2020, Rocketship filed a cross-complaint against Webtoon, Han, and Naver, also for tortious interference with contract and related causes of action.  The cross-complaint alleges Webtoon sent Rocketship a letter asserting that Rocketship's publishing agreement with Han was "null and void, non-binding, and unenforceable," and thereby interfered with Rocketship's contract and relationship with Han.  In addition, the cross-complaint alleges Han breached the publishing agreement by failing to provide Rocketship with a graphic novel for

2

publication. The operative pleading is the second amended cross-complaint.[1]

In November 2021, the trial court granted summary adjudication for Webtoon on three of the four claims asserted against it in Rocketship's cross-complaint (MSA Order). Among other things, the court determined Webtoon could not be held liable for tortious interference with contract.[2]

In February 2022, the trial court sustained Naver's demurrer to Rocketship's cross-complaint, without leave to amend (Demurrer Order). With respect to the cross-claim for tortious interference with contract, the court determined the cross-complaint did not allege any wrongdoing by Naver. The court further concluded Naver could not be liable for Webtoon's actions under an agency or alter ego theory, since the court had already determined in ruling on the summary adjudication motion that the tortious interference claim against Webtoon failed. The court also granted Webtoon's motion for judgment on

---

[1] The second amended cross-complaint alleges six causes of action: (1) Breach of Contract against Han; (2) Fraud against Webtoon, Naver, and Han; (3) Intentional Interference with an Existing Contract against Webtoon and Naver; (4) Intentional Interference with Business Relations against Webtoon and Naver; (5) Violation of Business and Professions Code section 17200 et seq. against Webtoon, Naver, and Han; and (6) Indemnification against Han.

[2] This ruling is the only portion of the MSA Order Rocketship seeks to challenge on appeal.

the pleadings as to the fourth and final cross-claim against it.[3] Rocketship's cross-claims against Han remain pending.

In March 2022, Rocketship filed a notice of appeal challenging the Demurrer Order. Around one week later, it filed a second notice of appeal challenging the MSA Order. The clerk of this court asked Rocketship to provide final appealable judgments for both orders. Rocketship did not submit a judgment related to either order. Instead, it argued the orders are appealable because they resolved all claims involving Naver and all cross-claims against Webtoon. Having now considered the parties' arguments with the benefit of a complete record, we reject Rocketship's argument and dismiss the appeals as taken from nonappealable orders.

## DISCUSSION

## I.  Both Appeals Were Taken From Nonappealable Orders

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).)  "A reviewing court lacks jurisdiction to consider appeals from a nonappealable order, and has the duty to dismiss such appeals." (*In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201 (*Javier G.*).)

"A trial court's order is appealable when it is made so by statute." (*Griset, supra*, 25 Cal.4th at p. 696.)  An order granting summary adjudication is not appealable, nor is an order sustaining a demurrer. (Code Civ. Proc., § 904.1, subd. (a);

---

[3]  We refer to the court's order sustaining Naver's demurrer and the order granting Webtoon's motion for judgment on the pleadings collectively as the "Demurrer Order."

4

*Jacobs-Zorne v. Superior Court* (1996) 46 Cal.App.4th 1064, 1070; *Beazell v. Schrader* (1962) 205 Cal.App.2d 673, 674 (*Beazell*).) An order granting a motion for judgment on the pleadings is also nonappealable. (Code Civ. Proc., § 904.1, subd. (a); *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1212.) Any appeal contesting a nonappealable order must be taken from the judgment entered thereafter (Code Civ. Proc., §§ 437c, subd. (m)(1), 904.1, subd. (a)(1)), or, in the case of a sustained demurrer, the dismissal order. (*Beazell*, at p. 674.) Here, the orders Rocketship identified in its notices of appeal are nonappealable.[4]

This court has discretion to treat a premature notice of appeal as taken from a subsequent order of dismissal or judgment. (Cal. Rules of Court, rule 8.104(d); *Sanchez v. Westlake Services, LLC* (2022) 73 Cal.App.5th 1100, 1105.) Similarly, "when the trial court has sustained a demurrer to all of the complaint's causes of action, appellate courts may deem the order to incorporate a judgment of dismissal, since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment." (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.) However, we decline to exercise our discretion to save Webtoon's appeals because the underlying orders are not appealable for the substantive reasons discussed below.

---

[4]      After Rocketship filed the notices of appeal, the trial court entered an order dismissing the cross-complaint with prejudice as to Naver.

## II. The MSA Order is Not Appealable Under the One Final Judgment Rule Because Webtoon's Claims Against Rocketship Remain Pending

Rocketship contends the MSA Order is appealable because, together with the subsequent Demurrer Order, it resolved all cross-claims against Webtoon. The one final judgment rule nonetheless precludes our review.

The one final judgment rule is "a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case. 'The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' [Citation.]" (*Griset*, *supra*, 25 Cal.4th at p. 697.) " '[E]xceptions to the one final judgment rule should not be allowed unless clearly mandated.' [Citation.]" (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757 (*Baycol Cases*).)

Pursuant to the one final judgment rule, "[w]here a complaint and cross-complaint involving the same parties have been filed, there is no final, appealable judgment until both have been resolved." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 122 Cal.App.4th 994, 1002.) Here, Webtoon's claims against Rocketship remain pending. The orders resolving the cross-complaint as to Webtoon are therefore not appealable.

Rocketship argues the MSA Order is nonetheless appealable because the trial court resolved all claims involving Webtoon "in its capacity as a 'cross-defendant . . . .' " But "cross-defendant" is not Webtoon's legal capacity—that is merely its party designation. Webtoon has participated in the entire

6

lawsuit in a single corporate capacity, on behalf of only its own corporate interests.  The authority Rocketship cites to support its contention is therefore inapposite.  In *Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237 (*Dominguez*), the court permitted a widow to appeal an order resolving her claims in her capacity as administratrix of the estate, even while her individual claims continued.  (*Id*. at p. 241.)  In *First Security Bank of California v. Paquet* (2002) 98 Cal.App.4th 468 (*Paquet*), a judgment dismissing a cross-complaint against individual shareholders was appealable even though the shareholders' derivative action, brought in their representative capacity to enforce the rights of a corporation, remained pending.  (*Id*. at p. 475.)  Unlike the appealing parties in *Dominguez* and *Paquet*, Webtoon has not appeared in the litigation in multiple capacities.

Rocketship alternatively argues we should exercise our discretion to treat its appeal as a petition for extraordinary writ relief.  Yet, Rocketship has not identified any "unusual circumstances" that would warrant our exercise of that discretion.  (*Olson v. Cory* (1983) 35 Cal.3d 390, 401 (*Olson*) [court should not exercise power to treat appeal from nonappealable order as writ "except under unusual circumstances"].)  The MSA Order is plainly not appealable for the reasons discussed above, numerous issues remain pending in the trial court, and respondents urge dismissal.  (Compare *Olson*, at p. 401 [appeal treated as writ where appealability was unclear in advance, appeal concerned sole remaining issue to be resolved in the matter, and all parties desired immediate review].)  Further, the appeal does not involve issues of "statewide importance."  (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 732, 745.)

7

Rocketship contends we should treat its appeal as a petition for extraordinary writ because it has no adequate remedy at law.  Yet, it concedes that it may appeal the MSA Order after the court enters a final judgment.  Rocketship also argues it will suffer "irreparable harm" because, if a court later reverses the MSA Order, it may be subject to a second trial.  However, "[a] trial does not generally meet the definition of 'irreparable injury,' being at most an irreparable inconvenience." (*Ordway v. Superior Court* (1988) 198 Cal.App.3d 98, 101, fn. 1.) Rocketship cites cases granting a petition for extraordinary writ based on the risk of a second trial, but these involved special circumstances that are not at issue here.  (*Coulter v. Superior Court* (1978) 21 Cal.3d 144, 148 [writ of mandate issued because "the trial court [had] deprived a party of an opportunity to plead his cause of action or defense"]; *Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 325 [writ review appropriate where petition presented " 'a significant issue of first impression' "].)

We deny the request to treat Rocketship's improper appeal from the MSA Order as a petition for extraordinary writ.[5]

## III. The One Final Judgment Rule Bars an Appeal of the Demurrer Order

Rocketship also contends the Demurrer Order is appealable because it resolved all claims involving Naver.  We disagree.  Even were we inclined to deem the appeal to have been taken from the subsequently entered order of dismissal, the one final judgment rule would also prohibit our review of the trial court's demurrer ruling.  (*Griset, supra,* 25 Cal.4th at p. 697.)

---

[5]    Because we conclude the MSA Order is not appealable, we need not address the timeliness of the appeal.

8

Rocketship relies on the rule that " 'in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party.' [Citations.]" (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 991; *Baycol Cases*, *supra*, 51 Cal.4th at p. 759.) However, this exception to the one final judgment rule applies only where "the interests of the otherwise uninvolved party are separate and distinct from the interests of parties whose rights have not been finally determined." (*Fleuret v. Hale Construction Co.* (1970) 12 Cal.App.3d 227, 230; cf. *Howe v. Key System Transit Co.* (1926) 198 Cal. 525, 533 [judgment appealable where issues were "entirely severable" from the remaining issues in the case].) *Justus v. Atchison* (1977) 19 Cal.3d 564, on which Rocketship heavily relies, is in accord. There, our Supreme Court concluded that a judgment was appealable where it resolved all claims involving certain plaintiffs. (*Id.* at pp. 567–568.) But the court clarified that ongoing proceedings involving other plaintiffs were "of no further concern" to the appellants, thus indicating that their interests were separable. (*Id.* at p. 568.)

Here, Naver's interests are not separate and distinct from those of Webtoon. Rocketship alleged and argued in opposition to the demurrer that Naver was liable for Webtoon's tortious conduct because of a principal-agency relationship between the two entities, or on an alter ego theory. As a result, the trial court concluded the summary adjudication of Rocketship's tortious interference claim against Webtoon foreclosed the agency theory of liability against Naver. As Rocketship argues, review of the Demurrer Order would necessarily require that we also determine whether the trial court correctly decided the summary adjudication motion. According to Rocketship, this overlap

9

underscores the need for immediate appellate review of both orders. Yet, even if we construed the Demurrer Order as appealable based on the subsequent dismissal order, the MSA Order clearly is not appealable. That the former relies on the latter does not require or allow us to exercise jurisdiction over a nonappealable order. (*Javier G.*, *supra*, 130 Cal.App.4th at p. 1201.) It instead reinforces that neither is appealable until after a final judgment is entered. (*Griset*, *supra*, 25 Cal.4th at p. 697.)

The court addressed a similar situation in *C3 Entertainment, Inc. v. Arthur J. Gallagher & Co.* (2005) 125 Cal.App.4th 1022 (*C3 Entertainment*). There, the plaintiff sued its insurer (Hartford) and its insurance agent (Gallagher) after Hartford refused to defend the plaintiff in a separate lawsuit. (*Id.* at p. 1024.) The sole cause of action against Gallagher alleged that if Hartford had no duty to defend, Gallagher had negligently failed to obtain proper insurance coverage for the plaintiff. (*Ibid.*) The trial court found Hartford had a duty to defend and entered summary adjudication, but did not enter judgment because other issues involving Hartford remained pending. Gallagher then moved for summary judgment. It argued that since the court had concluded Hartford had a duty to defend, this necessarily established Gallagher was not negligent. The trial court agreed, and entered summary judgment in favor of Gallagher. (*Ibid.*)

On appeal, the Court of Appeal recognized that the judgment in favor of Gallagher was "intertwined with, and dependent on, the earlier, nonfinal, ruling against Hartford." (*C3 Entertainment*, *supra*, 125 Cal.App.4th at p. 1025.) Therefore, the court reasoned: "We cannot decide whether the ruling in favor

10

of Gallagher was error without deciding whether the ruling against Hartford was error, and we cannot look at the ruling against Hartford" because that ruling was not appealable.  (*Ibid*.)  The court recognized this situation "demonstrates the wisdom" of the one final judgment rule: to ensure related decisions are appealed and resolved together, instead of in piecemeal fashion.  (*Id*. at pp. 1025, 1026.)  It dismissed the appeal as premature.  (*Id*. at pp. 1026–1027.)

We agree with the *C3 Entertainment* court's reasoning and find it equally applicable here.  The Demurrer Order is "intertwined with, and dependent on" the MSA Order.  (*C3 Entertainment*, *supra*, 125 Cal.App.4th at p. 1025.)  But the MSA Order is not appealable and we have no jurisdiction to review it.  We dismiss the appeal from the Demurrer Order as premature.  (*Ibid*.)

## DISPOSITION

The appeals are dismissed.  Respondents to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

LAVIN, J.