[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1197 
 OPINION
Maria S. and her children Javier G. and Hector G. purport to appeal jurisdictional findings as to Javier and Hector, issued after the San Diego County Health and Human Services Agency (the Agency) filed a supplemental petition on the boys' behalf under Welfare and Institutions Code[1] section 387. We hold the jurisdictional findings on a section 387 petition are interlocutory and nonappealable, and issues pertaining to the findings may be challenged on appeal of the dispositional order. We dismiss the appeals for lack of appellate jurisdiction.
 FACTUAL AND PROCEDURAL BACKGROUND
Maria has four children: Javier, born in 1989; Hector, born in 1991; Nancy, born in 1992, and Eduardo, born in 1993. In January 2003 the Agency took the children into protective custody after Maria taped Nancy's mouth shut and struck her with a sandal. The Agency filed petitions on behalf of Javier and Hector under section 300, subdivision (j), alleging Maria subjected Nancy to inappropriate discipline and the boys were at risk of being abused. The Agency also filed petitions on behalf of Nancy and Eduardo, but they are not involved in these appeals.
The court sustained the petitions and in April 2003 placed Javier and Hector with Maria. The court also placed Eduardo with Maria, but continued Nancy in foster care. At the six-month review hearing in October, the court extended reunification services for another six months. At the 12-month review hearing in April 2004, the court retained jurisdiction and allowed an additional six months of services.
In August 2004 the Agency filed subsequent petitions on behalf of Javier and Hector under sections 342 and 300, subdivision (c), alleging the boys sexually molested Nancy on repeated occasions, before commencement of the dependency proceedings and during her overnight visits with Maria. Nancy *Page 1199 
reported that she told Maria about the abuse "but did not think her mother believed her because she did not respond to it." The court sustained the subsequent petitions and continued Javier and Hector's placement with Maria.
In November 2004 the Agency filed supplemental petitions on behalf of Javier and Hector under section 387. The petitions alleged their placement with Maria "has not been effective in the protection or rehabilitation of the child," in that the boys had previously sexually assaulted Nancy, and in August 2004 they began physically abusing Eduardo and Maria was unable to protect him. The Agency advised the court that "Eduardo has indicated that he is sad, hopeless and at times feels helpless. He is in significant distress over the daily physical and verbal abuse that he is subject to by his two brothers." The Agency recommended that Javier and Hector be placed in foster care or a licensed group home.
A joint contested jurisdictional and dispositional hearing was held on the section 387 petitions over three days in December 2004. On December 14, the court made true findings and sustained the petitions, and granted the Agency's request to continue the dispositional portion of the hearing to allow time for Javier and Hector to undergo psychological evaluations. The court ordered the psychological evaluations "to determine placement and for treatment," and it ordered the social worker to prepare new recommendations for Javier and Hector. A few days later, Maria, Javier and Hector filed their notices of appeal of the jurisdictional findings.
 DISCUSSION
Maria, Javier and Hector challenge the evidentiary basis for the court's ruling. The Agency moves to dismiss the appeals on the ground jurisdictional findings on a 387 supplemental petition are nonappealable, and thus we lack jurisdiction to hear the matter. We agree with the Agency.
(1) "The fundamental rule governing the appealability of orders is that `"a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (In re Mario C.
(2004) 124 Cal.App.4th 1303, 1307 [21 Cal.Rptr.3d 891].) Section 395, which governs juvenile dependency appeals, provides in part: "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment."
(2) The dispositional order on an original petition (§ 300) is an appealable judgment within the meaning of section 395. (Inre Meranda P. (1997) 56 Cal.App.4th 1143, 1150
[65 Cal.Rptr.2d 913]; In re Megan B. (1991) *Page 1200 235 Cal.App.3d 942, 950 [1 Cal.Rptr.2d 177].) The jurisdictional finding under section 300, however, is interlocutory and not appealable, and thus any issue pertaining to it must be raised in a timely appeal of the dispositional order. (In re Athena P.
(2002) 103 Cal.App.4th 617, 624 [127 Cal.Rptr.2d 46]; Code Civ. Proc., § 906 [on appeal of judgment or postjudgment order appellate court may review any relevant intermediate ruling].)
Under section 387, child protective services may bring a supplemental petition for an order changing or modifying a previous order by removing a child from the physical custody of a parent. (§ 387, subd. (a).) The petition must contain a statement of facts "sufficient to support the conclusion that the previous disposition has not been effective." (§ 387, subd. (b).) "A section 387 petition is ordinarily required when the petitioner . . . seeks to modify a dispositional order by establishing the need for a `more restrictive level' of custody." (In re JoniqueW. (1994) 26 Cal.App.4th 685, 690 [31 Cal.Rptr.2d 601], italics added.)
(3) "In proceedings on a supplemental petition, a bifurcated hearing is required. [Citations.] In the first phase of a section 387 proceeding, the court must follow the procedures relating to a jurisdictional hearing on a section 300 petition, as set forth in [California Rules of Court,][2] rules 1449 through 1452. [Citation.] At the conclusion of this so-called `jurisdictional phase' of the section 387 hearing [citation], the juvenile court is required to make findings whether: (1) the factual allegations of the supplemental petition are or are not true; and (2) the allegation that the previous disposition has not been effective in protecting the child is, or is not, true. [Citation.] If both allegations are found to be true, a separate `dispositional' hearing must be conducted under the procedures applicable to the original disposition hearing. . . . [Citation.]" (In re JoniqueW., supra, 26 Cal.App.4th at p. 691.)
(4) For the dispositional hearing, the petitioner must prepare a social study of the child and a recommendation for disposition. (Rule 1455(a).) Here, for instance, the court ordered psychological evaluations for Javier and Hector, for use in determining a proper disposition. The court has a number of options, including dismissing the petition, permitting the child to remain at home or removing the child from the parent's custody. (Rule 1456(a)(1), (6) (7).) The court may not order removal unless it finds by clear and convincing evidence "[t]here is substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor or would be if the minor were returned home," and there are no alternative reasonable means to protect the minor, or the "minor is suffering severe emotional damage, as indicated by extreme anxiety, depression, withdrawal, or untoward aggressive behavior toward himself or herself or others," and there are *Page 1201 
no reasonable alternative means to protect the minor. (§ 361, subd. (c)(1) (3); see rule 1456(d)(1) (3).)
(5) The bifurcated procedures for original petitions (§ 300) and supplemental petitions (§ 387) are conceptually identical, and jurisdictional findings made in either instance are necessarily interlocutory and nonappealable. A dispositional order on a supplemental petition is appealable as a judgment (Inre Christopher B. (1996) 43 Cal.App.4th 551, 556, fn. 2 [51 Cal.Rptr.2d 43]), and issues arising from the jurisdictional portion of the hearing may be challenged on appeal of the dispositional order. Indeed, Maria has now filed a notice of appeal (D046520) from the dispositional order on the supplemental petition.[3] In these appeals, however, Maria, Javier and Hector contend the boys' removal from her custody would be improper under section 387, but the argument is premature as the jurisdictional finding does not concern removal and there is no evidence in the record pertaining to removal. Because the appeals were brought before conclusion of the section 387 hearing, "there is nothing yet to appeal." (In re Cody C. (2004)121 Cal.App.4th 1297, 1301 [17 Cal.Rptr.3d 928].)
(6) A reviewing court lacks jurisdiction to consider appeals from a nonappealable order, and has the duty to dismiss such appeals. (In re Mario C., supra, 124 Cal.App.4th at p. 1307.)[4]
 DISPOSITION
The appeals are dismissed.
Huffman, J., and Irion, J., concurred.
[1] Undesignated section references are to the Welfare and Institutions Code unless otherwise specified.
[2] All rule references are to the California Rules of Court.
[3] We denied the request of Maria, Javier and Hector to consolidate the matters in lieu of dismissing the appeals in this case.
[4] Because of the dismissal, we are not required to address the parties' requests for judicial notice. *Page 1202