Filed 6/2/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re B.P. et al., Persons Coming Under Juvenile Court Law. | B303804 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>D.S.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP00228A–C) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jana M. Seng, Judge.  Dismissed.

Suzanne Davidson for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel, and William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

———————————————

D.S. (mother) appeals a detention order based on a subsequent dependency petition filed pursuant to Welfare and Institutions Code section 342.[1]  Respondent Los Angeles County Department of Children and Family Services (DCFS) has moved to dismiss the appeal because the detention order based on a section 342 petition is interlocutory and not appealable. We agree.  We grant the motion and dismiss the appeal.

## BACKGROUND

On February 28, 2019, the juvenile court sustained an initial section 300 petition alleging mother's three children, B.P., I.P., and M.M., were at risk of serious physical harm because mother was unable to address B.P.'s mental health and behavioral issues.  DCFS did not seek to detain the children from mother.  Mother agreed to a court-ordered case plan.

The court held a six-month review hearing on August 28, 2019, and based on reports mother had been using methamphetamine, the court ordered her to submit to on demand drug testing.  It continued jurisdiction to the 12-month review hearing.

A few weeks later on September 20, 2019, DCFS filed a section 387 supplemental petition alleging the prior disposition was ineffective.  It requested the court detain the children from mother.  At a hearing on October 28, 2019, the court denied the detention request and again ordered mother to drug test monthly.

Mother started exhibiting signs of domestic violence and drug abuse, and DCFS received a report she was using drugs in the children's presence.  She also missed a drug test.  On

---

[1]     All statutory citations refer to the Welfare and Institutions Code.

2

November 25, 2019, the juvenile court issued a warrant authorizing DCFS to remove the children from mother, and they were removed the next day.

On December 2, 2019, DCFS filed a section 342 subsequent petition, which added a new ground for jurisdiction based on domestic violence. The next day—December 3, 2019—the court found the children fell within section 300, ordered the children removed from mother, and set a jurisdictional hearing for February 5, 2020.

Mother filed a notice of appeal from the December 3, 2019 detention order.

Subsequently, DCFS filed a first amended subsequent petition pursuant to section 342 adding another new ground alleging drug use because mother tested positive for methamphetamine and amphetamine. On April 22, 2020, the court dismissed the original section 342 petition and ordered the children remain detained from mother. The jurisdictional hearing on the first amended subsequent petition is currently set for July 30, 2020.[2]

## DISCUSSION

DCFS moves to dismiss mother's appeal both because the detention order on a section 342 subsequent petition is a nonappealable interlocutory order and because the first amended subsequent petition rendered the appeal of the detention order

---

[2]    We grant DCFS's request for judicial notice of the first amended subsequent petition and the juvenile court's orders following mother's notice of appeal. We may consider this post-appeal evidence in deciding whether to dismiss mother's appeal. (*In re N.S.* (2016) 245 Cal.App.4th 53, 57.)

moot.  We agree the order was not appealable, so we do not address mootness.

Welfare and Institutions Code section 395 governs juvenile dependency appeals.  It provides, "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment."  Under this provision, the dispositional order on a section 300 petition is the appealable judgment.  (*In re Javier G.* (2005) 130 Cal.App.4th 1195, 1199 (*Javier G.*).)  An order entered prior to disposition, such as a jurisdictional order, is "interlocutory and not appealable, and thus any issue pertaining to it must be raised in a timely appeal of the dispositional order."  (*Id.* at p. 1200.)

These same rules for appealability apply when the appeal involves a petition brought pursuant to section 342.  Section 342 provides in relevant part, "In any case in which a minor has been found to be a person described by Section 300 and the petitioner alleges new facts or circumstances, other than those under which the original petition was sustained, sufficient to state that the minor is person described in Section 300, the petitioner shall file a subsequent petition."  (§ 342, subd. (a).)  Importantly, "Unless otherwise provided by law, all procedures and hearings required for an original petition are applicable to a subsequent petition filed under this section."  (*Id.*, subd. (b); see Cal. Rules of Court, rule 5.560(b).)  Those procedures include holding detention, jurisdictional, and dispositional hearings in accordance with section 300.  (Cal. Rules of Court, rule 5.565(d)–(e); see *In re Joel T.* (1999) 70 Cal.App.4th 263, 268 [after section 342 petition is filed, "the court must hold jurisdictional and dispositional hearings" and "again decide whether to leave the minors in the

4

custody of their parents or remove them and provide or deny services"]; see also *In re A.B.* (2014) 225 Cal.App.4th 1358, 1364 ["All procedures and hearings required for an original petition are required for a subsequent petition and are conducted under the same rules."].)

Like orders entered on an original section 300 petition before the dispositional order, orders issued before the dispositional order on a section 342 petition are interlocutory and not appealable. The court in *Javier G.* reached the same conclusion when it dismissed an appeal of jurisdictional findings on a section 387 supplemental petition prior to disposition. Like section 342 subsequent petitions, section 387 supplemental petitions require a bifurcated jurisdiction/disposition hearing. (*Javier G., supra,* 130 Cal.App.4th at p. 1200.) Because "[t]he bifurcated procedures for original petitions (§ 300) and supplemental petitions (§ 387) are conceptually identical," the "jurisdictional findings made in either instance are necessarily interlocutory and nonappealable. A disposition order on a supplemental petition is appealable as a judgment [citation], and issues arising from the jurisdictional portion of the hearing may be challenged on appeal of the dispositional order." (*Javier G.,* at p. 1201.)

Because the bifurcated procedures for original petitions (§ 300) and subsequent petitions (§ 342) are likewise "conceptually identical," the detention and jurisdiction orders entered on a section 342 petition are "necessarily interlocutory and nonappealable." (*Javier G., supra,* 130 Cal.App.4th at p. 1201.) The disposition order on a section 342 subsequent petition is the appealable judgment, and a parent may challenge detention and jurisdictional orders on appeal from the

5

dispositional order.  (*Javier,* at p. 1201.)  Thus, the detention order mother appeals here was interlocutory and not appealable.

Mother incorrectly suggests the detention order is appealable because it is an order after disposition of the *original* section 300 petition.  That is always true for a section 342 subsequent petition.  (*In re Carlos T.* (2009) 174 Cal.App.4th 795, 806 ["[I]t is always the case with regard to a subsequent petition that the child at issue has already been declared a dependent child."].)  It was also true for the section 387 petition in *Javier G.,* and the court still dismissed the appeal.  (*Javier G., supra,* 130 Cal.App.4th at p. 1198.)  As we have explained, the section 342 subsequent petition will require *new* jurisdiction and disposition hearings, leading to a disposition order on the new allegations.  Indeed, in the detention order on the section 342 petition here, the court expressly found the children fell within section 300, justifying their detention from mother.  Again, mother may challenge the detention order on appeal from the subsequent dispositional order.  We lack jurisdiction to entertain mother's appeal of the detention order entered prior to disposition.  (*Javier G., supra,* at p. 1201.)

### DISPOSITION

Mother's appeal is dismissed.

### CERTIFIED FOR PUBLICATION


BIGELOW, P. J.


WE CONCUR:


GRIMES, J.          WILEY, J.


6