Filed 7/21/22  P. v. Caro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS EDUARDO CASTANOS CARO,<br><br>    Defendant and Appellant. | G060941<br><br>(Super. Ct. No. 18CF2259)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Law Office of R. Chris Lim and R. Chris Lim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Deputy Attorney General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Carlos Eduardo Castanos Caro filed a motion to vacate his prior drug-related convictions, asserting he did not meaningfully understand the immigration consequences of his guilty pleas. (See Pen. Code, § 1473.7, subd. (a)(1).)[1] The trial court denied the motion "without prejudice," stating defendant could refile the motion if there was "something further."

On appeal, counsel filed an opening brief raising no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We asked for supplemental briefing as to whether the denial of a motion "without prejudice" is an appealable order.

Under the circumstances, we find the trial court's denial of defendant's motion was on the merits and is res judicata, so it is an appealable order. (See *In re Lauren P.* (1996) 44 Cal.App.4th 763, 768.) We have further reviewed the record and have found no other arguable issues, so we affirm the order of the court.

I

PROCEDURAL HISTORY

The prosecution charged defendant with five drug-related crimes. Prior to pleading guilty, the trial court advised defendant and a codefendant "if you're not citizens of the United States, your pleas will result in deportation, denial of naturalization, or exclusion from admission to the United States pursuant to federal law." The court asked defendant if he understood, and he said, "Yes." Defendant initialed the same immigration advisement on a signed felony plea form. Counsel also signed the form and averred: "I have advised defendant of immigration consequences . . . ."

The trial court imposed three years of formal probation. Defendant later violated probation. The court sentenced defendant to two years to be "served in any penal institution."

---

[1] Further undesignated statutory references are to the Penal Code.

Defendant subsequently filed a motion to vacate his convictions, averring: "The Public Defender advised me to plead guilty. I was not advised of immigration consequences. I am challenging this conviction because it is currently causing me my removal from the United States and my court proceedings in seeking asylum. If I would of known this would cause me immigration consequences I would of taken this cases to trial by jury [(*sic*)]." (Capitalization omitted.)

At the hearing on the motion, appointed counsel said defendant was in custody in a federal immigration detention center: "I have reached out to him by way of letter several times. I have not had any contact with him. I have looked at his motion and pulled up what I could. I do not believe that there are grounds for the court to grant the motion, but since I haven't talked to him, I cannot ethically withdraw this motion, so I'm going to submit on the plea."

The trial court said defendant's "declaration was very thin . . . . [¶] If you are able to get in contact with him or he is able to provide, on his own, something further, it is without prejudice, so he can try it." The court's minute order states: "Motion denied without prejudice." Defendant filed a notice of appeal.

Appointed appellate counsel filed a *Wende* brief raising no arguable issues. Defendant did not file a supplemental brief on his own behalf.

II

DISCUSSION

When counsel identifies no arguable issues on appeal, the appellate court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant,

3

the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

In this case, we asked the parties to brief whether the trial court's denial of defendant's motion without prejudice is an appealable order. (See *In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201 ["A reviewing court lacks jurisdiction to consider appeals from a nonappealable order, and has the duty to dismiss such appeals"].) We find that under these circumstances, the court's ruling was an appealable order.

A defendant may file a motion to vacate a prior conviction on various grounds, including that: "The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1).) Under such a motion, "the focus of the inquiry . . . is on the '*defendant's own error* in . . . not knowing that his plea would subject him to mandatory deportation and permanent exclusion from the United States.'" (*People v. Mejia* (2019) 36 Cal.App.5th 859, 871.) "All motions shall be entitled to a hearing. Upon the request of the moving party, the court may hold the hearing without the personal presence of the moving party provided that it finds good cause as to why the moving party cannot be present." [2] (§ 1473.7, subd. (d).)

A defendant may appeal: "From any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) "[A] postjudgment order 'affecting the substantial rights of the party' (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600, fn. omitted.)

---

[2] "'[I]f a defendant's presence is waived or good cause exists to excuse a defendant's presence, such as when a defendant is confined in federal immigration custody, then counsel must be appointed.'" (*People v. Rodriguez* (2019) 38 Cal.App.5th 971, 981, disapproved on other grounds in *People v. Vivar* (2021) 11 Cal.5th 510, 526, fn. 4.)

Generally, a trial court's ruling "without prejudice" means: "Without loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party." (Black's Law Dict. (9th ed. 2009) p. 1740, col. 1.) For instance, a "dismissal without prejudice" means "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." (*Id*. at p. 537, col. 1.)

Consequently, a trial court's ruling "without prejudice" ordinarily does not affect a party's substantial rights because the matter can simply be refiled or renewed. (See *In re Tomi C*. (1990) 218 Cal.App.3d 694, 697-698 ["since the dismissal was *without* prejudice, the court's order of dismissal was not a final judgment or determination"]; see also *Gibson v. Savings & Loan Commissioner* (1970) 6 Cal.App.3d 269, 271-273 [trial court's summary denial without prejudice to petitioner's amending his petition and reapplying for relief was not a final, appealable order].)

However, a trial court's "characterization of its own order . . . is not controlling." (*In re Lauren P., supra,* 44 Cal.App.4th at p. 768 [dismissal of dependency petition without prejudice constituted a final judgment for purposes of appeal].) The question of appealability requires a determination of whether the decision "was on the merits and res judicata." (*Ibid*.) The phrase "'on the merits'" means the matter was decided "'on substantive law grounds.'" (Compare *Smart Corner Owners Assn. v. CJUF Smart Corner LLC* (2021) 64 Cal.App.5th 439, 459.) The term "res judicata" means a party is precluded from litigating an identical claim in a subsequent proceeding. (*Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1473-1474.)

Here, defendant filed a motion averring he did not meaningfully understand the immigration consequences of his guilty plea. Defendant stated that if he had understood those consequences, he would have gone to trial. The trial court denied the motion because the "declaration was very thin." However, the court said if defendant is "able to provide, on his own, something further, it is without prejudice, so he can try it."

5

The trial court's ruling was on the merits because the court evaluated the evidence and then denied the motion on substantive law grounds. (See § 1473.7, subd. (a)(1).) The court's ruling was also res judicata because defendant is precluded from filing an identical claim (the same motion without additional evidence) in a subsequent proceeding. (See *Cherry v. Superior Court* (2001) 86 Cal.App.4th 1296, 1303-1304 [retrial of defendant on prior conviction allegation barred was under res judicata principles unless prosecution presented additional evidence].)

Thus, despite the trial court's use of the phrase "without prejudice," we find the ruling was an appealable order. We have also independently reviewed the record and have found no other arguable issues. (See *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Indeed, we commend the trial court for its thoughtful ruling. The court denied the motion based on very limited evidence, which is not an unfamiliar situation for most trial court judges. However, the court also ensured defendant could refile the motion, should he be able to provide additional evidence.


III

DISPOSITION

The trial court's order denying defendant's motion is affirmed.



MOORE, J.

WE CONCUR:



BEDSWORTH, ACTING P. J.



SANCHEZ, J.

6