Filed 5/13/25  Nguyen v. Buffa CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TOAN NGUYEN, | |
| Plaintiff and Respondent, | G062878 |
| v. | (Super. Ct. No. 30-2022-01277661) |
| JACK BUFFA et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Craig L. Griffin, Judge. Dismissed. Motion for sanctions. Denied.

Law Offices of Jay R. Taylor and Jay R. Taylor for Defendants and Appellants.

Morris & Stone and Aaron P. Stone for Plaintiff and Respondent.

Defendants and appellants Jack, Cindy, and Karafaye Buffa (collectively, the Buffas) appeal from an order denying without prejudice a special motion to strike under Code of Civil Procedure section 425.16 (all undesignated statutory references are to this code).[1] Known as the anti-SLAPP statute, section 425.16 was enacted to address "'a disturbing increase' in strategic lawsuits against public participation (SLAPPs): 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1242.) We invited the parties to file supplemental briefs on whether an order denying without prejudice a special motion to strike under section 425.16 is appealable. In the specific context of this case, we conclude it is not and dismiss the appeal. We also deny plaintiff and respondent Toan Nguyen's motion for sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2022, Nguyen filed a first amended complaint against the Buffas. We briefly summarize his allegations as follows. Nguyen bought a house, planning to demolish it and construct a new one in its place. During the planning and construction, Nguyen faced resistance to his plan from the Buffas, his neighbors. The Buffas filed complaints with the City of Huntington Beach. Cindy physically pushed Nguyen. The Buffas parked their vehicle in front of Nguyen's property to delay construction. Cindy made racial remarks toward construction workers. The Buffas called the police with false accusations. Jack and Karafaye trespassed onto Nguyen's property. Karafaye

---

[1] When we refer to the defendants and appellants individually, we will use their first names to distinguish them from each other. No disrespect is intended.

used a garden hose to spray water on fresh stucco on a wall, while Nguyen and a construction worker attempted to shield the wall with plywood (the Orange County District Attorney subsequently charged Karafaye with vandalism and battery). In an attempt to harass Nguyen, Karafaye filed a civil harassment restraining order against Nguyen, and the trial court ultimately dismissed the claims (noting the filing was "'borderline frivolous and potentially retaliatory'"). Based on these factual allegations, Nguyen alleged two causes of action: (1) intentional infliction of emotional distress and (2) private nuisance.

On February 16, 2023, Nguyen attempted to file a second amended complaint. But the trial court rejected it, explaining leave of the court was required to file a second amended complaint.

The next day, the Buffas filed an anti-SLAPP motion.[2] They noticed their motion "for an order striking . . . Nguyen's second amended complaint . . . , which is the operative pleading." (Capitalization omitted.) The Buffas argued they engaged in protected conduct under section 425.16, subdivision (e)(4) by protesting Nguyen's construction of his house, a matter of public interest. They disputed Nguyen's allegations that Karafaye engaged in any unlawful conduct. They also contended Karafaye's filing of a protective order was protected under the litigation privilege and her calling the police was protected under section 425.16. In support of their motion, the Buffas provided declarations of their attorney Jay R. Taylor, Jack, and Cindy, a request for judicial notice, and exhibits (including a copy of the second amended complaint).

---

[2] Jack and Cindy filed the anti-SLAPP motion. Karafaye later joined the motion.

3

Nguyen opposed the motion. He argued, because the Buffas did not seek to strike any individual allegations and sought only to strike the entire complaint, the trial court would violate due process if it struck any individual allegations without notice and not the entire complaint. He contended the Buffas failed to identify a public issue or matter of public interest, and his claims did not arise from Karafaye's efforts to secure a protective order. Nguyen asserted, even if the Buffas engaged in protected activity under section 425.16, he would be able to demonstrate a probability of prevailing on his claims. In support, Nguyen filed his own declaration and exhibits.

The Buffas filed a reply, asserting their protests, actions, and complaints to government agencies implicated a matter of public interest. They also argued Nguyen failed to show a likelihood of prevailing on his claims.

The trial court issued a tentative ruling on the anti-SLAPP motion. It denied the motion without prejudice, explaining: "The motion to strike is directed at a Second Amended Complaint that is not on file with the court, as it was rejected by the clerk's office . . . because leave of the Court was required before filing. An unfiled Second Amended Complaint is attached to the declaration of counsel filed with the motion to strike, however as it is not the operative complaint, the motion is DENIED without prejudice."

On June 12, 2023, a few hours before the scheduled hearing on the tentative ruling, the Buffas filed a "notice of oral motion under . . . section 473 and application of defendants to correct mistake re operative complaint" (notice of section 473 motion). (Capitalization and boldface omitted.) They stated their intent to make an oral motion at the hearing, seeking to: (1) continue the hearing for 14 days; (2) amend the anti-SLAPP motion to target

4

"the operative pleading" (i.e., the first amended complaint, not the second amended complaint) based on good cause pursuant to section 473; and (3) request "judicial notice of the operative pleading." (Capitalization and boldface omitted.) In a declaration in support, Taylor admitted making a mistake. He stated he "initiated a 'meet and confer' to resolve the mistake in the" anti-SLAPP motion, "which is directed at a 'second amended complaint.'" (Capitalization omitted.) He averred, "[T]he Operative Complaint which is the [first amended complaint], and specifically every single allegation in the [first amended complaint] is a verbatim copy [of] the [second amended complaint]. The only distinction is that the [second amended complaint] attached [e]xhibits, which are absent from the [first amended complaint]." (Underscoring omitted.) He declared, "As a result, there is good cause under [s]ection 473 to correct a mistake in a trial or proceeding, concerning a pleading or other mistake, which further the pursuit of justice, and judicial economies and fundamental fairness to the parties."

At the hearing on the tentative ruling, the Buffas repeated the arguments made in their notice of section 473 motion. They also suggested, if the trial court preferred, they could bring their section 473 motion at an ex parte hearing. Nguyen contested the Buffa's arguments. He asserted he was served with the notice of section 473 motion two hours before the hearing. He argued the second amended complaint and first amended complaint were different, given the second amended complaint attached exhibits, and posited the Buffas' proposed solution under section 473 was unworkable. He questioned why the Buffas would not refile an anti-SLAPP motion, given the order denied the motion without prejudice. The Buffas' counsel replied he was concerned about protecting his clients' procedural rights, including their right to appeal.

5

The trial court adopted its tentative ruling, denying the anti-SLAPP motion without prejudice. It also explained the oral section 473 motion was not properly before it and declined to rule on it.

DISCUSSION

I.

APPEALABILITY

The parties submitted supplemental briefing to address whether an order denying without prejudice a special motion to strike under section 425.16 is appealable. An appealable order or judgment "'is a jurisdictional prerequisite to an appeal.'" (*Warwick California Corp. v. Applied Underwriters, Inc.* (2020) 44 Cal.App.5th 67, 72.) "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)

"'[S]ection 904.1, subdivision (a), governs the right to appeal in civil actions.'" (*Jackson v. Board of Civil Service Commissioners of City of Los Angeles* (2024) 99 Cal.App.5th 648, 655.) It "'codifies the common law one final judgment rule' and 'lists various specific additional appealable orders that stand as exceptions to the general rule.'"[3] (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134.) Of relevance here, a party may appeal "[f]rom an order granting or denying a special motion to strike under Sections 425.16 and 425.19." (§ 904.1, subd. (a)(13); see § 425.16, subd. (i).) But section 904.1 does

---

[3] "[T]he 'one final judgment' rule [is] a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)

not provide for appellate review of an order denying without prejudice a special motion to strike under section 425.16.

A trial court's ruling "without prejudice" means: "Without loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party." (Black's Law Dict. (12th ed. 2024) p. 1925, col. 1.) For example, a "dismissal without prejudice" is: "A dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." (Black's Law Dict. (12th ed. 2024) p. 590, col. 1.) Accordingly, a ruling "without prejudice" typically does not impact a party's substantial rights because the matter can be refiled or renewed. (See, e.g., *In re Tomi C.* (1990) 218 Cal.App.3d 694, 697–698 ["since the dismissal was *without* prejudice, the court's order of dismissal was not a final judgment or determination"].)

*Estate of Keuthan* (1968) 268 Cal.App.2d 177 is informative. It involved a probate court denying without prejudice "a petition for payment of the balance of fees." (*Id.* at p. 178.) The probate court also denied without prejudice a distribution "pending the determination of the heirship proceeding." (*Id.* at pp. 178–179.) The appellate court dismissed the appeal from the probate court's order. (*Id.* at p. 180.) It acknowledged an appeal ordinarily may be taken from a distribution order under former Probate Code section 1240. (*Id.* at p. 179.) But, by denying the petition for distribution without prejudice, "the probate court did not pass upon the merits of the petition for distribution." (*Id.* at p. 180.) It simply postponed its ruling. That made the ruling nonappealable: "The words 'without prejudice' eliminate any binding effect that the order appealed from might have." (*Ibid.*)

7

Likewise, here, section 904.1, subdivision (a)(13) and section 425.16, subdivision (i) permit an appeal from an order denying a special motion to strike. These statutes presume the trial court issues a binding order denying an anti-SLAPP motion, thereby making it appealable. But the trial court here did not issue such a binding order. Its denial of the motion without prejudice effectively postponed its consideration of the issue. We recognize a trial court's "characterization of its own order . . . is not controlling." (*In re Lauren P.* (1996) 44 Cal.App.4th 763, 768.) But, contrary to the Buffas' contention, the trial court's label of its order accurately reflected the substance of its order. Therefore, under the specific circumstances here, we conclude the order denying without prejudice the special motion to strike under section 425.16 is not appealable.

The Buffas argue the collateral order doctrine applies here. Under the collateral order doctrine, an appeal may be taken "'[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act.'" (*Last v. Superior Court* (2023) 94 Cal.App.5th 30, 43–44.) But, as the order here was not a final determination, the collateral order doctrine does not apply.

We therefore dismiss the appeal. (See *In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201 ["duty to dismiss" an appeal from a nonappealable order].)[4]

## II.

### MOTION FOR SANCTIONS

Nguyen moved for sanctions on appeal, contending the appeal was completely meritless. An appellate court may impose monetary sanctions when "the appeal was frivolous or taken solely for delay." (§ 907; Cal. Rules of Court, rule 8.276 (a)(1).) In evaluating whether an appeal is frivolous, we use a subjective and objective standard. (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek Media Group*).) "'The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective.'" (*Bucur v. Ahmad* (2016) 244 Cal.App.4th

---

[4] The Buffas also present ambiguous arguments regarding their section 473 motion. They argue the trial court denied their section 473 motion, rejecting their proposed relief. But the trial court did not deny the section 473 motion. It declined to rule on the motion, explaining it was not properly before it. Therefore, the trial court did not issue a final order on the section 473 motion from which to appeal, and we need not comment on the appealability of an order denying a section 473 motion.

If the Buffas are asserting the trial court abused its discretion by refusing to consider the section 473 motion, and assuming such a refusal is even appealable, we decline to consider this argument. The Buffas do not explain why it was an abuse of discretion or cite any relevant authority in support of this argument. They merely detail the proceedings in the trial court. (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418 ["'[W]here a point is merely asserted by [appellant] without any [substantive] argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion'"].)

175, 192 (*Bucur*).) "A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other." (*Malek Media Group*, *supra*, 58 Cal.App.5th at p. 834.) ""Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay."" (*Bucur*, *supra*, 244 Cal.App.4th at p. 192.)

To determine whether an appeal is objectively frivolous, "[t]he inquiry is not whether counsel acted in the honest belief it had grounds for appeal, but rather would any reasonable person agree that the appeal is completely devoid of merit, and thus frivolous. [Citation.] An appeal may be objectively frivolous if there is already a legal authority 'addressing the precise issue . . . raised' [citation], or when appellant's arguments rest on negligible legal foundation [citation]. An appeal is totally devoid of merit where there are 'no unique issues, no facts that are not amenable to easy analysis in terms of existing law, and no reasoned argument by [appellant] for an extension of existing law.'" (*Malek Media Group*, *supra*, 58 Cal.App.5th at pp. 834–835.)

Sanctions should be imposed "to compensate for a party's egregious behavior, and to deter abuse of the court system and the appellate process." (*Malek Media Group*, *supra*, 58 Cal.App.5th at p. 834.) But they should not be used merely because an appeal is meritless. (*Ibid.*) "'Indiscriminate application of section 907 could deter attorneys from vigorously representing their clients, and deter parties from pursuing legitimate appeals.'" (*Ibid.*)

Albeit a close call, we decline to impose sanctions for a few reasons. First, although we conclude the trial court's order was nonappealable, we recognize little to no case law exists explaining the appealability of an order denying an anti-SLAPP motion without prejudice. Given the lack of guidance in the anti-SLAPP context, we cannot conclude an appeal from such an order was objectively frivolous. (See *Young v. Hartford* (2024) 106 Cal.App.5th 730, 741 (*Young*) [declining to impose sanctions on defendants' decision to appeal because "appealability under California law was murky"].)

Second, we cannot conclude the Buffas appealed for the sole purpose of delay. Had they "elected not to appeal, they would have done so at the risk of waiving whatever appellate rights they might have had." (*Young, supra,* 106 Cal.App.5th at p. 741.)

Third, the Buffas did try to get guidance from the trial court. Their counsel asked the court if the order denying the motion could include "leave of court to file the anti-SLAPP motion within a limited period of time." The court acknowledged its discretion to consider an untimely motion for good cause: "The court has wiggle room on that and that's something to be addressed in any renewed motion . . . . That's all I can give you right now."

We appreciate the trial court's reluctance to say more. The Buffas had not yet properly raised the issue of good cause. They did not brief it in their moving papers. Their oral motion at the hearing was unsupported by admissible evidence, like a declaration. The brief they filed and served just hours before the hearing was itself untimely. The trial court still did its best to leave a door open for the Buffas without giving legal advice or making promises. Its statement indicating to counsel it "has wiggle room on that and that's something to be addressed in any renewed motion . . . ." was both

11

appropriate and productive. Yet the Buffas' counsel remained confused: "I don't understand what's required of the defendants to get their motion heard." While we see the requirement of a renewed motion clearly, we also find counsel's confusion to be sincere.

Finally, while Nguyen asserts the issues on appeal lack merit on the substantive issues, we do not reach them and thus "there is no basis for the imposition of sanctions." (*Winter v. Rice* (1986) 176 Cal.App.3d 679, 683.)

Although we decline to impose sanctions on this appeal, we are troubled by evidence in the record that could support a finding "the appeal was frivolous or taken solely for delay." (§ 907.) For example, in an earlier trial court proceeding regarding Karafaye's request for a civil harassment restraining order against Nguyen, Judge Sandy Leal commented Karafaye's filing was "borderline frivolous and potentially retaliatory." That comment— in conjunction with the context of the instant case, in which the trial court suggested the Buffas could refile their motion and have it heard—raises concerns. We recognize the record could suggest the Buffas and their counsel appealed to delay proceedings. But the record does not show the appeal was taken *solely* for delay.[5] We warn the Buffas and their counsel to proceed judiciously going forward.

---

[5] We acknowledge the instant case was pending on appeal for some time due to the Buffas' counsel's medical treatments.

## DISPOSITION

The appeal is dismissed. Respondent is entitled to costs on appeal.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


SCOTT, J.