Filed 3/17/26  Pelloni v. Mirshahi CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARY PELLONI,<br><br>    Defendant and Appellant,<br><br>    v.<br><br>SAEEDEH MIRSHAHI,<br><br>    Plaintiff and Respondent. | B336950, B340679<br><br>(Los Angeles County Super. Ct. No. BC682267) |

APPEALS from judgment and postjudgment orders of the Superior Court of the County of Los Angeles, Elaine Lu and Rolf M. Treu, Judges.  Dismissed in part, reversed in part, and remanded with directions.

Lavely & Singer and David B. Jonelis for Defendant and Appellant.

Law Offices of Robert C. Moest and Robert C. Moest for Plaintiff and Respondent.

Mary Pelloni appeals from judgment in favor of Saeedeh Mirshahi following a bifurcated trial and from an order denying her postjudgment motion for judgment notwithstanding the verdict (JNOV), or in the alternative, for a new trial. She separately appeals from an order denying her motion to tax costs. The latter appeal is unopposed.

We ordered the appeals consolidated. We lack jurisdiction to consider the appeal of the judgment and order denying the JNOV motion and therefore dismiss it. We reverse the order denying the motion to tax costs in part, with directions to grant the motion as to the award of attorney fees of $577,513.79 and the award of "Other" costs of $3,129.35.

## BACKGROUND[1]

The following facts are taken from the trial court's unchallenged findings after the first phase of trial. Pelloni was a film producer. She, her production company, Mirshahi, and Mirshahi's husband orally agreed to produce and sell a documentary about a figure who had been involved in the 1979 Iran hostage crisis. Pelloni began filming interviews, and between April and July 2017, received payments from Mirshahi totaling $40,000. By August 2017, disputes had arisen over production costs and the terms of a written agreement that would

---

[1] We do not recite the entire factual and procedural background, as the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references in this opinion are to the Code of Civil Procedure, and undesignated references to rules are to the California Rules of Court.

provide for the division of any profits from the film's sale. Pelloni ceased work on the film.

Mirshahi sued Pelloni and her production company for breach of oral partnership agreement, breach of fiduciary duty, fraud, conversion of money and property, accounting, constructive trust, claim and delivery, and injunctive relief. Pelloni filed cross-claims that included fraud, breach of contract, and declaratory relief.

After the first phase of a bifurcated trial, the court found in favor of Mirshahi on her equitable claims and granted partial declaratory relief on Pelloni's cross-claim. After the second phase, the jury returned verdicts for Mirshahi on her claims for breach of contract and most of her tort claims. It awarded damages of $40,000 for "Loss of Money (Funds Invested)," $60,000 for "Lost Profits," and $400,000 for "Loss of Property (Documentary Film)." (Boldface omitted.) The jury found against Pelloni on her remaining cross-claims.

In August 2023, Pelloni filed a motion for JNOV or alternatively for a new trial (first JNOV motion). Relevant to this appeal, she argued "there was no substantial evidence to support the jury's award of $400,000 for 'Loss of Property (Documentary Film)['] and such an award is excessive." On October 9, 2023, the court denied the motion to the extent it challenged the loss of property damages.[2] Pelloni did not seek appellate review of this order.

---

[2] The court conditionally granted the motion for a new trial as to the damages for lost money (funds invested) and lost profits unless Mirshahi stipulated to reducing the lost money award to $16,522.24 and the lost profits award to zero. Mirshahi accepted the reduction.

On November 6, 2023, judgment was entered and notice of entry of the judgment was served. The judgment provided for Mirshahi to recover her costs "per memorandum of costs."

Pelloni filed another motion for JNOV, or in the alternative, for a new trial (second JNOV motion), arguing "there was no substantial evidence to support the jury's award of $400,000 for 'Loss of Property (Documentary Film)'" and the award was excessive. The trial court treated the filing as an untimely motion for reconsideration and denied it.

Mirshahi timely filed a cost memorandum. Pelloni filed an unopposed motion to tax costs, which was denied.

On February 16, 2024, Pelloni filed her first notice purporting to appeal from the judgment and order denying the second JNOV motion. Subsequently, she filed a second notice of appeal from the order denying her motion to tax costs.

## DISCUSSION

Pelloni argues the award of lost property damages was excessive, substantial evidence did not support it, and a new trial should have been granted. She also challenges two cost items: attorney fees and "'other'" costs.

### A. Dismissal of the First Appeal

We issued a Government Code letter (Gov. Code, § 68081) requesting briefing on the timeliness of the first notice of appeal and the appealability of the order denying the second JNOV motion. After reviewing the supplemental briefing and other

4

trial court records,[3] we conclude we lack jurisdiction over the first notice of appeal and must dismiss it.

### 1. *Timeliness of the Appeal from the Judgment*

A timely notice of appeal "'is an absolute prerequisite to the exercise of appellate jurisdiction.' [Citation.]" (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881.) Even if no objection is made by a party, a reviewing court "has no discretion but must dismiss [an untimely] appeal of its own motion." (*Estate of Hanley v. Hanley* (1943) 23 Cal.2d 120, 123.)

A notice of appeal must be filed on or before 60 days after the superior court clerk serves a notice of entry of judgment, unless "a statute or rules 8.108, 8.702, or 8.712 provide otherwise . . . ." (Rule 8.104(a)(1)(A).) The trial court entered and mailed notice of entry of judgment on November 6, 2023. Thus, absent an extension, Pelloni's February 2024 notice of appeal from the judgment is untimely.

Pelloni relies on rule 8.108(d)(1), which provides for an extension if a party serves and files a "valid" JNOV motion and the motion is denied.[4] A "valid" motion under rule 8.108(d) is one

---

[3] We notified the parties of our intent to take judicial notice of certain records of the superior court that were not included in the appellant's appendix but are relevant to the timeliness of appeal. (Evid. Code, § 459, subd. (d).) Having received no objection, we take judicial notice of: (1) "Court Order Re: Judgment/NOTICE OF ENTRY OF JUDGMENT" dated November 6, 2023; and (2) a minute order dated October 9, 2023, denying the first JNOV motion and partially granting the motion for a new trial. (*Id.*, § 452, subd. (d).)

[4] Rule 8.108(d)(1) provides that if a party files a "valid motion" for JNOV and "the motion is denied, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (A) 30 days after the

5

that "'complies with all procedural requirements; it does not mean that the motion or notice must also be substantively meritorious.'" (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047, quoting Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2009 supp.) foll. rule 8.108, p. 84, italics omitted.) Pelloni contends her second JNOV motion was "valid" because it was permitted by sections 629 and 659, the provisions governing the timing of JNOV and new trial motions.

JNOV motions must be "made within the period specified by Section 659 for the filing and service of a notice of intention to move for a new trial." (§ 629, subd. (b).) Section 659, subdivision (a) (section 659(a)) requires a party to give notice of intention to move for a new trial "*either*: [¶] (1) After the decision is rendered and before the entry of judgment. [¶] (2) Within 15 days of the date of serving notice of entry of judgment by the clerk of the court . . . ." (Italics added.)

Pelloni contends her second JNOV motion was proper because a 2012 amendment to section 659(a) removed the word "or" between subdivisions (1) and (2). This change, she argues, "suggests that the [L]egislature did not intend for a pre-judgment and post-judgment motion to be mutually exclusive of each other." In other words, she contends she could extend the deadline to file a notice of appeal by filing a second JNOV motion, even if she filed a prejudgment JNOV motion including a request for the same relief.

Pelloni fails to persuade us that the Legislature intended to authorize the filing of multiple JNOV motions as she suggests,

---

superior court clerk . . . serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment."

fostering delay and impeding the finality of judgments. She overlooks the statute's plain language, which undermines her argument. The word "either" precedes subdivisions (1) and (2) of 659(a), requiring a party to give notice of intention to file a JNOV motion in one of two designated timeframes. Thus, section 659(a) provides alternative time periods for filing JNOV motions, not permission to file a second JNOV motion after a prior motion seeking the same relief was denied. Though we need not look beyond the plain language of the statute, we note Pelloni provides no legislative history or authority to support her interpretation of the 2012 change in section 659(a)'s language.

Pelloni fails to show her second JNOV motion complied with section 629's procedural requirements. Therefore, she fails to show it was a "valid" motion under rule 8.108(d)(1) that extended the time to appeal from the judgment. We lack jurisdiction over her appeal from the judgment.[5]

2. *Appealability of the Order Denying the Second JNOV Motion*

To the extent Pelloni seeks review of the denial of her second JNOV motion as a standalone order, we conclude it is nonappealable.

The trial court found the second JNOV motion to be a motion for reconsideration governed by section 1008 because it

---

[5] Our lack of jurisdiction over an appeal from the judgment means we are precluded from reviewing Pelloni's challenge to the trial court's denial of a new trial. An order denying a new trial motion is reviewable only on appeal from the underlying judgment. (See *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 669, fn. 3.)

7

raised an issue decided in the first JNOV motion: whether there was "substantial evidence to support the jury's award of $400,000 for 'Loss of Property (Documentary Film)' and excessiveness of the award."

In our Government Code letter, we asked Pelloni to address whether the second JNOV motion resulted in an appealable order, or whether it was an unappealable order denying a section 1008 motion.

Section 1008 provides that any party affected by a prior order "may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law," apply to the court to "modify, amend, or revoke the prior order." "'The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under Code of Civil Procedure section 1008.' [Citation.]" (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1171 (*J.W.*).)

One of the three grounds asserted in the first JNOV motion was the excessiveness of the award for loss of property damages and the lack of evidence to support it. Pelloni repeated the arguments in her second motion and acknowledged she had raised them before. Because she asked the court to decide the same matters it previously ruled on, the court properly treated the second JNOV motion as an untimely motion for reconsideration.

Pelloni attempts to avoid this outcome by citing language from the order denying the first JNOV motion that supposedly shows the court did not determine certain issues and left her free to raise them in the second JNOV motion. This argument is

8

unpersuasive, however, because section 1008 requires us to focus on what the moving party requested. (*J.W., supra,* 29 Cal.App.5th at p. 1171.) Here, Pelloni does not dispute that both motions asked the court to decide whether the damages award was excessive and supported by substantial evidence. The court affirmed the damages award, and nothing in the earlier order suggested the court intended to invite a future motion on the issues Pelloni raised.

Accordingly, the trial court correctly treated the second JNOV motion as one for reconsideration. An order denying such a motion is not appealable (*Chango Coffee, Inc. v. Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247, 1252), and we lack jurisdiction over the appeal taken from this order. (*In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201 [reviewing courts lack jurisdiction to consider appeals from nonappealable orders and must dismiss such appeals].)

## B. Motion to Tax Costs

Pelloni also appeals from the order granting attorney fees of $577,513.79 and "Other" costs of $3,129.35 included in Mirshahi's cost memorandum. Mirshahi did not oppose or respond to Pelloni's appellate challenges to this order.

Section 1033.5 sets forth the items of costs which may or may not be recoverable in a civil action. (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 773–774.) "If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Id.* at p. 774.) A court

9

has no discretion to award costs not statutorily authorized. (*Ibid.*)

To be awarded as costs, attorney fees must be authorized by contract, statute, or law. (§ 1033.5, subd. (a)(10); *Martinez v. SAI Long Beach B, Inc.* (2025) 108 Cal.App.5th 367, 374.) A timely motion for attorney fees is often required to request such fees. (§ 1033.5, subd. (c)(5)(A)(i); Rule 3.1702(b).)

Mirshahi did not submit a worksheet with her cost memorandum detailing the cost items, nor did she provide such information in opposition to Pelloni's motion to tax costs. She thus left the trial court without a basis for finding the costs were reasonably necessary to the litigation. (See *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361, 363–364 [under section 1033.5 subdivision (c)(2), items not specifically allowable under section 1033.5 subdivision (a) and not prohibited under subdivision (b) may be recoverable if "'reasonably necessary to the conduct of the litigation'"].)

Further, Mirshahi did not file a motion for attorney fees. She did not show attorney fees were authorized by contract, statute, or law in the trial court, and she does not attempt to do so on appeal.

Accordingly, the order denying the motion to strike must be reversed to the extent it permitted Mirshahi to recover attorney fees and "Other" costs.

## DISPOSITION

The appeal taken from the judgment and order denying the second JNOV motion is dismissed.  The order denying the motion to tax costs is reversed in part.  The matter is remanded with directions to enter a new order granting the motion to tax attorney fees and "Other" costs.  The parties shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


ZUKIN, P. J.


COLLINS, J.

11